IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID BAUGUS | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO.: 3:03-cv-7731 |
| CSX TRANSPORTATION, INC. | : | JUDGE JAMES G. CARR |
| Defendants. | : | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
## IN LIMINE TO EXCLUDE VIDEOTAPE ENTITLED "RAILROAD WORK"

1. INTRODUCTION

On January 17, 2003, Plaintiff, a CSX carman, was injured while opening a 400 to 500 pound door on a tri-level auto rack at the railroad's Marysville loading facility. Plaintiff claims he cannot return to the exertionally demanding work carmen perform.

In the Spring of 2003, long before Plaintiff filed this Federal lawsuit, Plaintiff videotaped CSX carmen Dennis Boesken[1] and Charles Plantz working on rail cars, on Honda property, at the Marysville facility. Plaintiff was and is a CSX employee. In *Prater v. CSX*, No. 3:02CV7530, N.D.Ohio, W.Div., Plaintiff Baugus testified that his film shows "the actual work that we do climbing the cars, jerking on the door handles, wrestling with them, everyday pace that we use them", (N.T., p. 60, l. 10-12) the types of tools he worked with on a regular basis, and the types of doors he worked with on a regular basis. (N.T., p. 60, l. 13-22) There was no editing of the

---

[1] Boesken was still a CSX relief foreman. He stopped work on May 18, 2003. (Prater, Notes of Testimony, p. 242, l. 7)

tape. (N.T., p. 61, l. 24-p. 62, l. 3) Mr. Boesken testified that permission was <u>not</u> needed to make the film. (N.T., p. 258, l. 20)

In *Prater* CSX's counsel, unhappy that workers had made a film without CSX's control, raised a litany of objections including:

1. There were multiple starts and stops on the videotape.

2. The work of closing doors was done on a different shift then Mr. Baugus worked.

3. Plaintiff Baugus was off work temporarily when he took the video.

4. The tape was made "in the late evening before dark".

5. The tape showed "pretty basic pre-inspection of opening the rail car doors".

6. The video depicts auto racks that do not have automobiles in them.

CSX's counsel asked whether Mr. Baugus had gotten permission "from anybody to take this video". (N.T., p. 68, l. 11) I objected "Permission doesn't have anything to do with accuracy" and "relevance". (N.T., p. 68, l. 14) Judge Potter sustained my objection and ruled:

> **"I'm going to let [Plaintiff] show the video [to the jury]. Ladies and gentlemen, based on the direct and cross it's up to you to weigh the probative effect of the video."** (N.T., p. 69, l. 10-14) (Ex. 1)

In this action CSX's counsel has developed an even more comprehensive stew of objections to Plaintiff's video. Most of CSX's objections are not supported by anything other than *ipse dixit* declarations by CSX's counsel. The following grid lists CSX's many, many objections and Plaintiff's responses:

2

| No. | CSX's Objection | Plaintiff's Response |
| --- | --- | --- |
| 1 | Boesken was not 'on the clock' when the videotape was produced. | There is no support for counsel's *ipse dixit*. |
| 2 | "Not one of the three individuals received permission from CSX to enter upon CSX's property to engage in [filming] . . ." | CSX does not offer support for the proposition that they needed permission. Second, Boesken was a relief foreman at the time. Third, the property that the tracks were on belonged to Honda. (Ex. 1, p. 69, l. 4) |
| 3 | Plaintiff was disqualified from work at the time he shot the video. | The fact that Plaintiff was off work does not mean he was not permitted on CSX property. Second, relevance. |
| 4 | The video was made at night. | The way workers open doors does not depend on time of day. Further, as previous CSX counsel noted, it was shot in the late evening before dark. Lighting is not the issue. |
| 5 | The video "does not depict the same weather and lighting conditions as plaintiff experienced on January 17, 2003". | Lighting is not the issue. Weather conditions are notoriously hard to re-create, except in Hollywood. The video depicts an auto rack with radial end doors - the type involved in Plaintiff's injury. |
| 6 | The video "does not depict car number TTX 800828". | The video is not meant to show any particular auto rack. Rather, it depicts, among other things, how workers open doors on auto racks. |
| 7 | The video does not contain footage of rail cars covered with ice/snow or an anti-theft device. | The anti-theft device cannot be seen when the doors are closed. The jury does not need to see ice and snow in order to understand how workers open end doors, to tools they use, where they stand, and how they apply force. |
| 8 | The video shows activities "that are not typical of carmen at Marysville". | This is an issue of fact. CSX is free to cross-examine or produce witnesses to rebut the film. |

3

| | | |
|---|---|---|
| 9 | The video shows work other than door opening. | The jury is entitled to know how the work is done. Second, if CSX says Plaintiff can return to work as a carman then this video can be used to cross-examine CSX's medical expert. |
| 10 | Plaintiff "failed to comply with Fed.R.Civ.P. 34 prior to entering on CSXT's property to produce the videotape". | This Federal court action had <u>not</u> been initiated when the tape was made. |
| 11 | CSX "did not have an opportunity to have counsel and/or a representative present at the site inspection. . ." | Since there was no site inspection there was no reason to invite CSX's counsel. |

As the King of Siam repeatedly states in 'The King and I', "Et cetera, et cetera, et cetera".

CSX's litany of complaints are not significant. Counsel can develop all these objections on cross. The tape is relevant evidence. Its probative value far outweighs any prejudicial effect.

As Judge Potter ruled, if Plaintiff's counsel lays a proper foundation for the video there is no good reason to exclude it as evidence.

Respectfully submitted,

DAVID L. LOCKARD & ASSOCIATES

*[signature]*

DAVID L. LOCKARD, ESQ.
Attorney for Plaintiff
15 West Highland Avenue
Philadelphia, PA 19118
(215) 753-0661

Date: 9/20/04

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Plaintiff's Opposition to Defendant's Motion In Limine to Exclude Videotape Entitled "Railroad Work" was sent to all counsel of record as listed below on _9/20/04_, 2004.

                J. Randall Engwert, Esq.
                Anspach, Meeks & Nunn, L.L.P.
                300 Madison, Avenue, Suite 1600
                Toledo, OH 43604-2633

                _____
                DAVID L. LOCKARD, ESQ.

1    A.    It's the old area, actual railroad owns the
2  property there.
3    Q.    And the property that the tracks were on
4  actually belongs to Honda, correct?
5    A.    The loading facility belonged to Honda.
6         MS. ALLEN:  I have no further questions
7  prior to the video -- with regard to the video.
8         MR. LOCKARD:  Your Honor, I move that I may
9  publish the video to the jury at this time.
10        THE COURT:  I'm going to let them show the
11 video.
12        Ladies and gentlemen, based on the direct
13 and cross, it's up to you to weigh the probative
14 effect of the video.
15        MR. LOCKARD:  May I have a moment to move
16 the screen around?
17        THE COURT:  I think you have to have a
18 moment.
19        (Video shown.)
20        MR. LOCKARD:  Steven Spielberg you're not.
21        THE WITNESS:  It won't be coming out on DVD
22 anytime soon.
23              FURTHER DIRECT EXAMINATION
24 BY MR. LOCKARD:
25   Q.    Mr. Baugus, I would like to ask you a couple

PLAINTIFF'S EXHIBIT 1